# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| *Plaintiff* | § | |
|  | § | |
| **v.** | § | |
|  | § | **No. 1:25-CV-01426-DAE** |
| **FRANCISCO A. ACOSTA, A/K/A** | § | |
| **FRANK A. ACOSTA, LARRY** | § | |
| **GADDES, TRAVIS MOTAL,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE DAVID A. EZRA
        SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff the United States of America's ("the Government")

Motion for Default Judgment Against Defendant Francisco A. Acosta, a/k/a Frank A.

Acosta. Dkt. 15. After reviewing the motion and the relevant law, the undersigned

recommends that the District Judge grant the Government's motion.

## I.    BACKGROUND

The Government filed this lawsuit in federal court seeking judicial foreclosure

of a property owned by Defendant Acosta. Dkts. 1; 15, at 1. In a prior action in this

district, the Court entered final judgment against Acosta finding him liable to the

United States for unpaid income taxes for tax years 2006 through 2015 in the amount

of $1,569,090.22, plus statutory additions and interest accruing until paid. Dkt. 15-1.

1

That judgment remains unsatisfied, and Acosta's outstanding liability has since grown to $1,725,251.11. Dkt. 15-2, at 2.

Acosta owns real property located at 381 Long Run, Liberty Hill, Texas 78642, consisting of approximately 13.984 acres in Williamson County (the "Long Run Property"). Dkts. 1, at 2; 15, at 2. The United States filed notices of federal tax lien against Acosta for tax years 2006 through 2015 in the Williamson County records. Dkt. 1, at 5. The Government now seeks to enforce those liens by foreclosing on the Long Run Property. Dkt. 15, at 1.

Defendants Larry Gaddes, Williamson County Tax Assessor-Collector, and Travis Motal, Interim Superintendent for Liberty Hill Independent School District, have appeared and answered the complaint. Dkts. 7; 15, at 3. This motion seeks default judgment only as to Acosta. Dkt. 15, at 3. Gaddes, Motal, and the Government stipulate that if the Long Run Property is sold, funds should be distributed in the order of priority outlined in their joint stipulation of lien priorities, Dkt. 16. *See* Dkt. 15, at 7.

Acosta did not appear or otherwise respond to the Government's complaint. Dkt. 13, at 1-2. The Government moved for, and the clerk entered, default against Acosta. Dkts. 13; 14. The Government now moves for default judgment, asking the Court to enter judgment that its federal tax liens attach to the Long Run Property and to order the sale of that property to enforce those liens. Dkt. 15, at 1.

## II.    LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)-(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

In considering the Government's motion, the undersigned must determine: (1) whether default judgment is procedurally warranted; (2) whether the Government's complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, the Government should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

## III.    DISCUSSION

### A.    Default judgment is procedurally warranted.

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a

good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors support entering a default judgment against Acosta. Because Acosta has not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Acosta's failure to appear and respond has ground the adversary process to a halt, prejudicing the Government's interest in pursuing its claims for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (internal citation and quotation marks omitted). The grounds for default are established: Acosta was properly served and has failed to appear and participate at all, much less timely file a responsive pleading. *See* Dkts. 13; 14. Nothing suggests that the default was caused by a good-faith mistake or excusable neglect. The undersigned therefore finds that default judgment is procedurally warranted.[1]

**B.   Default judgment is substantively warranted.**

Default judgment is proper only if the well-pleaded factual allegations in the Government's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id*. In determining whether factual allegations are sufficient to

---

[1] The Government has established that Acosta is not a minor, incompetent person, or in military service. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. § 3931; Dkt. 13-1, at 1.

support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Government seeks a judgment that its federal tax liens attach to the Long Run Property and an order authorizing foreclosure and sale. Dkt. 15, at 1. The Internal Revenue Code provides that once a person who owes taxes to the United States refuses a demand for such taxes, the United States will have a lien in its favor on all property and rights to property, real or personal, belonging to that person. 26 U.S.C. § 6321. Liens under § 6321 arise on the date that the IRS assesses unpaid taxes, apply to currently owned and after-acquired property, and continue until the taxpayer satisfies the debt. *Tex. Com. Bank-Fort Worth, N.A. v. United States*, 896 F.2d 152, 161 (5th Cir. 1990). The United States may perfect its interest in real property encumbered by a tax lien by filing notice of a federal tax lien in the real property records of the county where the property is located. 26 U.S.C.

§ 6323(f)(1)(A)(i), (2)(A). And it may bring suit in district court to enforce its lien against "any property, of whatever nature," belonging to the delinquent taxpayer. 26 U.S.C. § 7403(a). It may further enforce its tax lien through a foreclosure sale. 26 U.S.C. § 7403(c).

The complaint establishes a sufficient basis for the relief sought. As stated above, the Court previously found Acosta liable for unpaid federal income taxes for tax years 2006 through 2015 in the amount of $1,569,090.22 as of April 1, 2023, plus statutory additions and interest accruing until paid. Dkt. 15-1. That judgment remains unsatisfied, and Acosta's outstanding liability has grown to $1,725,251.11. Dkt. 15-2, at 2. The complaint alleges that federal tax liens arose upon assessment of those liabilities and attached to all of Acosta's property, including the Long Run Property. Dkt. 1, at 5. The Government has filed notices of federal tax lien in Williamson County, where the Long Run Property is located, in accordance with 26 U.S.C. § 6323(f). *Id*. The Government further alleges that under 26 U.S.C. § 7403, it is entitled to enforce those liens against the Long Run Property by foreclosure sale, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption. *Id*. By not answering, Acosta has admitted all these facts. *Nishimatsu Constr.*, 515 F.2d at 1206. These facts establish that the Government is entitled to relief. The undersigned therefore finds that default judgment is substantively warranted.

**C.    The Government is entitled to the relief it seeks in the form of an order for judicial foreclosure and statutory interest.**

Because the Government has shown it is entitled to default judgment, the undersigned must determine what form of relief, if any, it should receive. The Government seeks a judgment that its federal tax liens attach to the Long Run Property and an order authorizing foreclosure and sale of that property to satisfy Acosta's outstanding tax liabilities. Dkt. 15, at 1.

   1.    The Government should be granted an order of judicial foreclosure.

The Government should be granted an order of judicial foreclosure. As explained above, the Government has demonstrated that its federal tax liens attached to the Long Run Property and that it is entitled to enforce those liens through foreclosure and sale. *See supra* Part III.B. Under 26 U.S.C. § 7403(c), the Court may order the sale of the Long Run Property. The Government is thus entitled to foreclose on the Long Run Property, which is located at 381 Long Run, Liberty Hill, Texas 78642, and is legally described as: "ALL THAT CERTAIN 13.984 ACRES, MORE OR LESS IN THE JOHN E. ROBINSON SURVEY, ABSTRACT NO. 521, MORE FULLY DESCRIBED IN THE WARRANTY DEED TO THE VETERANS LAND BOARD DATED AUGUST 4, 1983, RECORDED IN VOLUME 944, PAGE 138 OF THE DEED RECORDS OF WILLIAMSON COUNTY, TEXAS; AND FURTHER DESCRIBED IN THAT CONTRACT OF SALE AND PURCHASE DATED MARCH 22, 1993, RECORDED IN VOLUME 2273, PAGE 021 OF THE DEED RECORDS OF WILLIAMSON COUNTY, TEXAS AND FORFEITED CONTRACT OF SALE AND

PURCHASE DATED AUGUST 23, 1983, RECORDED IN VOLUME 944, PAGE 142 OF THE DEED RECORDS OF WILLIAMSON COUNTY, TEXAS." Dkt. 1, at 2. Accordingly, the undersigned finds that judicial foreclosure and an order of sale are warranted and recommends that the District Judge order the foreclosure sale and distribution of proceeds in accordance with the terms of the joint stipulation. Dkt. 16, at 2-3.

> 2.   The Government should receive statutory interest.

The prior judgment entered against Acosta in this district awards the Government statutory additions including prejudgment and post-judgment interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), accruing until paid. Dkt. 15-1. The undersigned therefore recommends that the District Judge award the Government statutory interest on the outstanding amount in accordance with the prior judgment and the applicable provisions of the Internal Revenue Code.

## IV.   RECOMMENDATION

In accordance with the above discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** the Government's motion for default judgment against Acosta. Dkt. 15. Specifically, the undersigned **RECOMMENDS** that the District Judge enter default judgment against Acosta and issue the following judgment:

1. The United States has valid federal tax liens for income taxes for tax periods 2006 through 2015, which attach to all property and rights to property of Acosta, including the real property located at 381 Long Run, Liberty Hill,

Texas 78642 (the "Long Run Property"), legally described as: ALL THAT CERTAIN 13.984 ACRES, MORE OR LESS IN THE JOHN E. ROBINSON SURVEY, ABSTRACT NO. 521, MORE FULLY DESCRIBED IN THE WARRANTY DEED TO THE VETERANS LAND BOARD DATED AUGUST 4, 1983, RECORDED IN VOLUME 944, PAGE 138 OF THE DEED RECORDS OF WILLIAMSON COUNTY, TEXAS; AND FURTHER DESCRIBED IN THAT CONTRACT OF SALE AND PURCHASE DATED MARCH 22, 1993, RECORDED IN VOLUME 2273, PAGE 021 OF THE DEED RECORDS OF WILLIAMSON COUNTY, TEXAS AND FORFEITED CONTRACT OF SALE AND PURCHASE DATED AUGUST 23, 1983, RECORDED IN VOLUME 944, PAGE 142 OF THE DEED RECORDS OF WILLIAMSON COUNTY, TEXAS; and

2. The federal tax liens for tax periods 2006 through 2015 against Acosta on the Long Run Property are foreclosed, and the United States may sell the Long Run Property.

3. In the event the Long Run Property is sold, the sale proceeds, so far as they are sufficient, may be distributed in the following order of priority:

   a. to the United States, IRS PALS, or any receiver appointed for the purpose of selling the Long Run property for expenses of sale and any commission;

b. to Williamson County Taxing Authorities for any unpaid real property taxes that have accrued up to the sale date, including principal and accrued statutory interest;

c. to the United States for its federal tax liens; and

d. to the extent any proceeds remain, to any other party as determined by the Court.

The referral of this case to the Magistrate Judge should now be canceled.

## V.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 4, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE