UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**
July 28, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | No. 1:25-CV-01426-DAE |
| FRANCISCO A. ACOSTA, A/K/A FRANK A. ACOSTA, LARRY GADDES, TRAVIS MOTAL, | § § § | |
| | § | |
| *Defendants*. | § | |

ORDER (1) ADOPTING REPORT AND RECOMMENDATION; AND (2) GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Before the Court is the Report and Recommendation ("Recommendation") filed by U.S. Magistrate Judge Dustin M. Howell on June 4, 2026 (Dkt. # 17), recommending that the Court grant Plaintiff the United States of America's Motion for Default Judgment Against Defendant Francisco A. Acosta, a/k/a/ Frank A. Acosta ("Motion for Default Judgment") (Dkt. # 15). Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After reviewing the Recommendation, the information contained in the record, and the relevant law, the Court **ADOPTS** the Recommendation. Accordingly, Plaintiff's Motion for Default Judgment is **GRANTED**. (Dkt. # 15.)

BACKGROUND

Because no party objects to Judge Howell's recitation of the facts, the Court adopts and recites the background facts as set forth in the Recommendation. Plaintiff United States of America ("the Government") filed this lawsuit in federal court seeking judicial foreclosure of a property owned by Defendant Francisco A. Acosta ("Acosta"). (Dkts. ## 1; 15 at 1.) In a prior action in this district, the Court entered final judgment against Acosta finding him liable to the United States for unpaid income taxes for tax years 2006 through 2015 in the amount of $1,569,090.22, plus statutory additions and interest accruing until paid. (Dkt. # 15-1.) That judgment remains unsatisfied, and Acosta's outstanding liability has since grown to $1,725,251.11. (Dkt. # 15-2, at 2.)

Acosta owns real property located at 381 Long Run, Liberty Hill, Texas 78642, consisting of approximately 13.984 acres in Williamson County (the "Long Run Property"). (Dkts. ## 1 at 2; 15 at 2.) The United States filed notices of federal tax lien against Acosta for tax years 2006 through 2015 in the Williamson County records. (Dkt. # 1 at 5.) The Government now seeks to enforce those liens by foreclosing on the Long Run Property. (Dkt. # 15 at 1.) Defendants Larry Gaddes, Williamson County Tax Assessor-Collector, and Travis Motal, Interim Superintendent for Liberty Hill Independent School District, have appeared and answered the complaint. (Dkts. ## 7; 15 at 3.) This motion seeks

default judgment only as to Acosta. (Dkt. # 15 at 3.) Gaddes, Motal, and the Government stipulate that if the Long Run Property is sold, funds should be distributed in the order of priority outlined in their joint stipulation of lien priorities, (Dkt. # 16). (See Dkt. # 15 at 7.) Acosta did not appear or otherwise respond to the Government's complaint. (Dkt. # 13 at 1–2.) The Government moved for, and the clerk entered, default against Acosta. (Dkts. ## 13; 14.) The Government now moves for default judgment, asking the Court to enter judgment that its federal tax liens attach to the Long Run Property and to order the sale of that property to enforce those liens. (Dkt. # 15 at 1.)

The undersigned referred the Government's Motion for Default Judgment Against Defendant Francisco A. Acosta, a/k/a/ Frank A. Acosta to U.S. Magistrate Judge Dustin M. Howell on February 6, 2026. On June 4, 2026, Judge Howell issued his Report and Recommendation recommending that the Court grant the Government's motion against Acosta. (Dkt. # 17.) No party has filed objections to the Recommendation.[1]

## LEGAL STANDARD

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C.

[1] The Government filed a Certificate of Service with the Court indicating that a copy of the Recommendation was mailed to Acosta by first class mail on June 8, 2026. (Dkt. # 18.)

§ 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Recommendation for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After careful consideration, the Court adopts the Magistrate Judge's Recommendation.

In his Recommendation, Judge Howell found that (1) default judgment was procedurally warranted; (2) default judgment was substantively

warranted; and (3) the Government is entitled to the relief it seeks in the form of an order for judicial foreclosure and statutory interest. (Dkt. # 17.) Specifically, Judge Howell determined that there are no material facts in dispute, Acosta's failure to appear has ground the adversary process to a halt thereby prejudicing the Government's interest in pursuing its claims for relief, and the grounds for default are established. (Id. at 3–4.) Judge Howell also concluded that the complaint establishes a sufficient basis for the relief sought because the Court previously found Acosta liable for unpaid federal income taxes for tax years 2006 through 2015 in the amount of $1,569,090.22 as of April 1, 2023, that judgment remains unsatisfied, Acosta's outstanding liability has grown to $1,725,251.11, the complaint alleges that federal tax liens arose upon assessment of those liabilities and attached to all of Acosta's property, including the Long Run Property, and the Government has filed notices of federal tax lien in Williamson County, where the Long Run Property is located, in accordance with 26 U.S.C. § 6323(f). (Id. at 4–6.) Finally, Judge Howell found that the Government is entitled to enforce its federal tax liens attached to the Long Run Property through foreclosure and sale, that, under 26 U.S.C. § 7403(c), the Court may order the sale of the Long Run Property, and that the prior judgment entered against Acosta in this district awards the Government statutory additions including prejudgment and post-judgment interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c),

accruing until paid. (Id. at 7–8.) On the basis of these findings, Judge Howell recommended granting the Government's motion. (Id. at 8.)

Upon careful review, the Court agrees with Judge Howell's well-reasoned analysis and conclusions. See Fed. R. Civ. P. 55; United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (providing that to resolve a motion for default judgment, courts "must determine: (1) whether default judgment is procedurally warranted; (2) whether the Government's Complaint sufficiently sets forth facts establishing that it is entitled to relief; and (3) what form of relief, if any, the Government should receive."); Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998) (describing factors relevant to the determination of whether entry of default judgment is procedurally warranted); Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (default judgment is proper only if the well-pleaded factual allegations in the complaint establish a valid cause of action). The Court therefore **ADOPTS** Judge Howell's Recommendation (Dkt. # 17) and **GRANTS** the Government's Motion for Default Judgment (Dkt. # 15).

## CONCLUSION

Based on the foregoing, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 17), and **GRANTS** the Government's Motion

for Default Judgment (Dkt. # 15). In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

**IT IS SO ORDERED**.

**DATED:** Austin, Texas, July 28, 2026.

Hon. David Alan Ezra
Senior U.S. District Judge